UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MONICA QUINONES, MARIA PAZ, EFRAIN OYOLA,
CHRISTINE AMERICA, CHRISTIAN ACOSTA,
ALPHA DIALLO, RAVEENGA PERERA, RAFAEL MARTINEZ,
MARIA GENAO-PLASENCIA, JOHN WASHINGTON,
and BRITTNEY D'AGOSTINO,
individually and on behalf of others similarly situated,

                                                            Case No.:


                                    Plaintiffs,

            -against-                              **CLASS ACTION COMPLAINT**


EQUIFAX, INC.,                                    **DEMAND FOR JURY TRIAL**

                        Defendant(s).
----------------------------------------------------------------X

        Plaintiffs MONICA QUINONES, MARIA PAZ, EFRAIN OYOLA, CHRISTINE

AMERICA, CHRISTIAN ACOSTA, RAVEENGA PERERA, RAFAEL MARTINEZ, MARIA

GENAO-PLASENCIA, ALPHA DIALLO, JOHN WASHINGTON, and BRITTNEY

D'AGOSTINO, individually and on behalf of others similarly situated ("Plaintiff"), by and

through their attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq.,

P.C., Of Counsel, as and for their Complaint against the Defendant EQUIFAX, INC.,

(hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges,

upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

        1.      Plaintiffs brings this action on their own behalf for damages and declaratory

and injunctive relief arising from the Defendant's violation(s) of:  (i) §1681 *et seq. as*

*amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");.

## PARTIES

2.    Plaintiff MONICA QUINONES is a resident of the State of New York, residing in Flushing, New York.

3.    Plaintiff CHRISTINE AMERICA is a resident of the State of Florida, residing in Palm Beach Shores, FL.

4.    Plaintiff EFRAIN OYOLA is a resident of the State of New York, residing in Brooklyn, N.Y.

5.    Plaintiff MARIA PAZ is a resident of the State of Florida, residing in Miami, FL.

6.    Plaintiff CHRISTIAN ACOSTA is a resident of the State of Texas, residing in San Antonio, TX.

7.    Plaintiff RAVEENGA PERERA is a resident of the State of New York, residing in Astoria, NY.

8.    Plaintiff RAFAEL MARTINEZ is a resident of the State of New York residing in Freeport, NY 11520.

9.    Plaintiff MARIA GENAO-PLASENCIA is a resident of the State of New York residing in Copiague, NY 11726.

10.   Plaintiff ALPHA DIALLO is a resident of the State of NJ, residing in East orange, NJ.

11.   Plaintiff Brittney D'Agostino is a resident of the State of New York residing in East Patchoque, NY.

12.     Plaintiff John Washington is a resident of the State of New Jersey residing in Hillside, NJ.

13.     The Defendant EQUIFAX, INC. regularly conducts business in New York City, New York and is located at 1550 Peachtree Street N.E.,  Atlanta, GA 30309.


14.     EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201.   The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).


## ALLEGATIONS FOR CLASS ACTION

17.     Plaintiffs brings this action as a class action, pursuant to(i) §1681 *et seq. as amended,* of Title 15 of the United States Code, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FCRA, as of the date of Plaintiffs' Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are

officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the <u>FCRA</u>.

18.    This Class satisfies all the requirements of <u>FCRA</u> for maintaining a class action.

19.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the <u>FCRA</u>.

20.    The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

21.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the <u>FCRA</u>; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

22.    Plaintiffs' claims are typical of the claims of the Class, and they have no interests adverse or antagonistic to the interests of other members of the Class.

23.    A class action is superior to other methods for the fair and efficient

adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the <u>FCRA</u>.

24.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27.    Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

29.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

30.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.     Upon information and belief, Defendant has been reporting derogatory and inaccurate information concerning the Plaintiffs and the Plaintiffs' credit report/history.

32.     The credit reports as referred to in this complaint are "consumer reports" as that term is defined by 15 USC §1681a(d).

33.     The Defendant is reporting inaccurate accounts claimed for Plaintiff Monica Quinones  as follows:

#1 Santander Consumer USA Account# 300001XXXXCHASE 54910408****

#2 Portfolio Recovery Assoc. Account# 517805XXXX

34.     On Feb. 6, 2019, the Plaintiff Maria Quinones sent a credit dispute letter to Defendant.

35.     Plaintiff's letter explained to Defendant that it was reporting inaccurate information about her.

36.     The Plaintiff sent another dispute letter to Equifax with attachments dated April 12, 2019 asking for a reinvestigation on an account on her credit report.

37.     Equifax sent Plaintiff Quinones a letter dated May 6, 2019 saying that it was unable to locate her credit file in its database.

38.     The Defendant is also reporting inaccurate accounts in the name of Plaintiff Christine America:

39.     On May 13, 2019, the Plaintiff Christine America sent a credit dispute letter to Defendant.

40.     Plaintiff's letter explained to Defendant that it was reporting inaccurate information about her.

41.     Equifax sent Plaintiff America a letter dated May 23, 2019 saying that it was unable to locate her credit file in its database.

42.     Defendant sent the Plaintiff Christine America a letter dated June 9, 2019 stating that the results of the dispute recently filed by her are complete.

43.     The Defendant's response to the Plaintiff America represents a gross failure to properly investigate the disputed items and to either mark them as inaccurate and disputed or to delete them within the required 30 days.

44.     The Defendant is reporting inaccurate accounts in the name of Plaintiff Maria Paz  as follows:

| | | |
|---|---|---|
| · | AAFCU | ACCOUNT# 893971XXXX |
| · | AAFCU | ACCOUNT# UNKNOWN |
| · | CAPITAL ONE BANK USA | ACCOUNT# 517805XXXX |
| · | CITICARDS CBNA | ACCOUNT# 546616XXXX |
| · | S FL EDUCATIONAL FCU | ACCOUNT# 100000XXXX |
| · | SYNCB/AMAZON | ACCOUNT# 604578XXXX |
| · | CREDIT ONE BANK | ACCOUNT# 444796XXXX |
| · | MIDLAND FUNDING | ACCOUNT# 857701XXXX24. |

45.    On April 22, 2019 the Plaintiff Maria Paz sent a dispute letter to Defendant, disputing the above referenced accounts. Equifax never responded.

46.    Plaintiff's letter explained to Defendant that it was reporting inaccurate information about her.

47.    Plaintiff Paz sent a second dispute letter to Equifax with attachments dated June 24, 2019 stating that it failed to respond and asked for a reinvestigation on a paid account on her credit report, along with the letter from Pollack & Rosen stating the Capital One Account# 517805XXXX was settled.

48.    A copy of certified mailing receipt showing the second dispute letter to Equifax and the copy of the tracking of the mailing receipt showing the letter was sent July 3, 2019 and Equifax received the second dispute letter July 6, 2019.  Equifax failed to respond a second time.

49.    The Plaintiff Paz sent Equifax a third letter September 10, 2019 asking for a reinvestigation on Citibank NA Account# 546616XXXX.  Plaintiff enclosed a zero balance statement and informed Defendant that the balance it was reporting was inaccurate.

50.  The Defendant Equifax sent the Plaintiff Paz a letter dated September 29, 2019 saying thank you for indicating fraudulent items on their credit file and that it was unable to locate her credit file in its database.

51.  A copy of first page of client's Equifax credit report dated April 20, 2019 shows her complete credit file with a total of 17 accounts.

52.    The Defendant is reporting inaccurate accounts claimed for Plaintiff EFRAIN OYOLA  as follows:

#1    Credit One Bank                    Account# Unknown

#2      Capital One                    Account# Unknown

#3      LVNV Funding                   Account#  Unknown

53.     Plaintiff Efrain Oyola sent a  dispute letter to Equifax dated August 15,

2019 disputing some inaccurate information found on his credit report.

54.     Plaintiff Oyola sent a second dispute letter to Equifax dated October 7,

2019 saying that it failed to respond to the original dispute.

55.     The Defendant Equifax sent Plaintiff Oyola a letter dated November 1,

2019 saying that it received his request to add a fraud alert to its credit file and it was

unable to locate his credit file in its database.  Plaintiff Oyola never requested a fraud

alert.

56.     The Defendant is reporting inaccurate accounts in the name of Plaintiff

Raveenga Perera as follows:

CAPITAL ONE BANK USA          ACCOUNT# 517805XXXX

·      DISCOVER FIN SVCS LLC          ACCOUNT# 601100XXXX

·      JPMCB CARD                     ACCOUNT# 426684XXXX

·      SYNCB/CARE CREDIT              ACCOUNT# 601918XXXX

·      WF/BOBS FN                     ACCOUNT# 577442XXXX24.

On July 15, 2019, the Plaintiff Raveenga Perera sent a credit dispute letter to the

Defendant for the above enumerated accounts.

57.     Plaintiff's letter explained to Defendant that it was reporting inaccurate

information about the accounts.

58.     Equifax sent the Plaintiff Perera a response letter dated July 30, 2019

stating that it was unable to locate her credit file in their database. Plaintiff's Equifax

credit report dated May 2, 2019 shows her complete credit file has over 20 accounts showing.

59.    Plaintiff Perera had sent a previous dispute letter to the Defendant on May 6, 2019 disputing inaccurate information.

60.    The Defendant responded with a letter dated July 8, 2019 stating that it had placed an initial fraud alert on the Plaintiff's Equifax report. At this time the Defendant had no problems locating the Plaintiff's credit file.

61.    The Defendant's response that it did not have a credit file in Perera's name was a false and deceptive statement and demonstrates the gross negligence of the Defendant with its inability to access its own records or is a delaying tactic by the Defendant.

62.    The Defendant is reporting inaccurate accounts claimed for Plaintiff Christian Acosta as follows:

|  |  |
| --- | --- |
| CHILD SUPPORT ENFORCEM | ACCOUNT# NX1482XXXX |
| WESTLAKE FINANCIAL SVC | ACCOUNT# 820185XXXX |
| CAPITAL ONE BANK USA | ACCOUNT# 517805XXXX |
| CHILD SUPPORT ENFORCEM | ACCOUNT# BP4451XXXX |

63.    On July 18, 2019, the Plaintiff Christian Acosta sent a credit dispute letter to the Defendant for the above enumerated accounts.

64.    Plaintiff's letter explained to Defendant that it was reporting inaccurate information about him.

65.    Equifax sent the Plaintiff a response letter dated July 22, 2019 stating that it was unable to locate his credit file in its database. Plaintiff's Equifax credit report dated

June 27, 2019 shows seven accounts in Plaintiff Acosta's name.

66.     Plaintiff Acosta has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

67.     The Defendant's response that the Defendant did not have a credit file in Plaintiff Acosta's name is a false and deceptive statement and demonstrates the gross negligence of the Defendant in being unable to access its own records or is a delaying tactic by the Defendant.

68.     The Defendant is reporting inaccurate accounts in the name Plaintiff Rafael Martinez as follows:

|  |  |
|---|---|
| WELLS FARGO HM MORTGAG | ACCOUNT# 708053XXXX |
| ASC | ACCOUNT# UNKNOWN |
| WELLS FARGO DEALER SVC | ACCOUNT# 519670XXXX |
| CREDIT COLLECTION SERV | ACCOUNT# 645995XXXX24. |

On July 31, 2019, the Plaintiff Martinez sent a credit dispute letter to the Defendant for the above enumerated accounts.

69.     Plaintiff's letter explained to Defendant that it was reporting inaccurate information about him.

70.     Equifax sent the Plaintiff Martinez a response letter dated August 29, 2019 stating that it was unable to locate his credit file in its database. Plaintiff's Equifax credit report dated July 31, 2019 shows 8 accounts being reported by Defendant..

71.     The Plaintiff has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

72.     The Defendant's response that the Defendant did not have a credit file in Plaintiff Martinez's name was a false and deceptive statement and demonstrates the gross negligence of the Defendant in its inability to access its own records or is a delaying tactic by the Defendant.

73.     The Defendant has continued to publish and disseminate the false, inaccurate and misleading information about Plaintiff Martinez by falsely pretending that Defendant suspects Plaintiff's and consumers' notifications of inaccuracies.

74.     The Defendant is reporting inaccurate accounts claimed for Plaintiff Maria Genao-Plasencia as follows:

|  |  |
|---|---|
| CHASE CARD | ACCOUNT# 414720XXXX |
| KIA MOTORS FINANCE | ACCOUNT# 110623XXXX |
| HCCREDIT/FEB | ACCOUNT# 786314XXXX |

75.     On May 22, 2019, the Plaintiff Genao-Plasencia sent a credit dispute letter to the Defendant for the above enumerated accounts.

76.     Plaintiff's letter explained to Defendant that it was reporting inaccurate information about her.

77.     Equifax sent the Plaintiff Genao-Plasencia a response letter dated June 4, 2019 stating that it was unable to locate her credit file in its database.  Plaintiff's Equifax credit report dated April 10, 2019 shows 6 accounts being reported by Defendant.

78.     The Defendant is reporting inaccurate accounts in the name of Plaintiff Alpha Diallo as follows:

|  |  |
|---|---|
| CREDIT ONE BANK | ACCOUNT# 444796XXXX |
| MIDLAND FUNDING | ACCOUNT# 857770XXXX |

79.    On October 25, 2019, the Plaintiff  Diallo sent a credit dispute letter to the Defendant for the above enumerated accounts.

80.    Plaintiff's letter explained to Defendant that it was reporting inaccurate information.

81.    Equifax sent the Plaintiff a response letter dated November 12, 2019 stating that it was unable to locate her credit file in its database. Plaintiff's Equifax credit report dated October 23, 2019 shows seven accounts being reported.

82.    The Plaintiff Diallo has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

83.    The Defendant's response that the it did not have a credit file in Plaintiff Diallo's name was a false and deceptive statement and demonstrates the gross negligence of the Defendant in its inability to access its own records or is a delaying tactic by the Defendant.

84.    The Defendant is reporting inaccurate accounts in the name of Plaintiff JOHN WASHINGTON as follows:

·    FIRST PREMIER BANK              ACCOUNT# 517800XXXX

·    CHASE AUTO                        ACCOUNT# 524390XXXX

·    FIRST PREMIER BANK              ACCOUNT# 517760XXXX

·    MERRICK BANK CORP              ACCOUNT# 412061XXXX

85.    On April 9, 2019, the Plaintiff Washington sent a credit dispute letter to the Defendant for the above enumerated accounts.

86.    Plaintiff's letter explained to Defendant that it was reporting inaccurate information about him.

87.    Equifax sent the Plaintiff a response letter dated April 23, 2019 stating that it was unable to locate his credit file in its database.

88.    The Plaintiff has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

89.    The Defendant's response that it did not have a credit file in Plaintiff's name was a false and deceptive statement and demonstrates the gross negligence of the Defendant in its inability to access its own records or is a delaying tactic by the Defendant.

90.    As a result of the Defendant's failure to properly investigate and reinvestigate the disputed and inaccurate information, the Plaintiff has suffered damage and continues to suffer damage.

91.    Upon information and belief, upon numerous occasions, the Defendant furnished the Plaintiffs' consumer reports to multiple entities which contained the inaccurate derogatory information.

92.    The Defendant is reporting inaccurate accounts claimed for Plaintiff BRITTNEY D'AGOSTINO as follows:

- COMENITYBANK/VICTORIA         ACCOUNT# 585637XXXX
- COMENITYBANK/BJSCLUB          ACCOUNT# 535878XXXX
- SYNCB/OLDNAVYDC               ACCOUNT# 447995XXXX

| | | |
|---|---|---|
| · | SYNCB/TOYSRUS | ACCOUNT# 604586XXXX |
| · | SYNCB/TOYSRUS | ACCOUNT# 604586XXXX |
| · | BETHPAGE FED CR UNION | ACCOUNT# 531980XXXX |
| · | DISCOVER FIN SVCS LLC | ACCOUNT# 601100XXXX |
| · | KOHLS/CAPONE | ACCOUNT# 639305XXXX |
| · | MACYS/DSNB | ACCOUNT# 603534XXXX |
| · | TD BANK USA/TARGETCRED | ACCOUNT# 585975XXXX |
| · | VERIZON WIRELESS | ACCOUNT# 587640XXXX |
| · | MIDLAND FUNDING | ACCOUNT# 857876XXXX |
| | | |
| · | MIDLAND FUNDING | ACCOUNT# 857902XXXX |
| · | PORTFOLIO RECOV ASSOC | ACCOUNT# 604586XXXX |
| · | PORTFOLIO RECOV ASSOC | ACCOUNT# 604586XXXX |
| · | PORTFOLIO RECOV ASSOC | ACCOUNT# 585637XXXX |

93.   On May 8, 2019, the Plaintiff sent a credit dispute letter to the Defendant for the above enumerated accounts.

94.   Plaintiff's letter explained to Defendant that it was reporting inaccurate information about her.

95.   The Defendant sent the Plaintiff a response letter dated August 9, 2019 stating that it was unable to locate her credit file in its database. Plaintiff's Equifax credit report dated April 29, 2019 shows the accounts being reported by Defendant.

96.   The Defendant's response to all above named Plaintiffs and the Class, that it did not have their credit files was a false and deceptive statement and

demonstrates the gross negligence of the Defendant to access its own records or is a delaying tactic by the Defendant. Further, it represents a gross failure to properly investigate the disputed items and to either mark the items as disputed or delete as inaccurate within 30 days.

97.    As a result of the Defendant's failure to properly investigate and reinvestigate the disputed and inaccurate information, the Plaintiffs have suffered damage and continues to suffer damage.

### FIRST CAUSE OF ACTION

### *(Violations of the FCRA)*

98.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "97" herein with the same force and effect as if the same were set forth at length herein.

99. 15 USC §1681i(a)Reinvestigations of disputed information states

(1) Reinvestigation required

(A )In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5)**, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute**

**from the consumer or reseller.**

100.    The Defendant violated Plaintiffs' rights under 15 USC §1681i(a)(1) (A) by failing to either mark the accounts as disputed and inaccurate or delete the items from the Plaintiffs' credit reports before the end of the 30 day period once having been notified.

101**.**    The Defendant violated the Plaintiffs' rights under 15 U.S.C. Section 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files which Defendant published and maintained.

102.    As a result of the Defendant's violations of 15 USC §1681e(b), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

103.    The violations by the Defendant of 15 USC §1681e(b) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiffs to recovery under 15 USC §1681o.

104.    The Defendant violated 15 USC §1681i(a)1 by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate and record the current status of the disputed information or delete the items from the Plaintiff's credit files.

105.    As a result of the Defendant's violations of 15 USC §1681i(a)1, Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

106.    The violations by the Defendant of 15 USC §1681i(a)1 were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15

USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiffs to recovery under 15 USC §1681o.

107.    The Defendant violated 15 USC §1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff.

108.    As a result of the Defendant's violations of 15 USC §1681i(a)(4), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

109.    The violations by the Defendant of 15 USC §1681i(a)(4) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.  In the alternative, the Defendant was negligent, which entitles Plaintiffs to recovery under 15 USC §1681o.

110.    The Defendants violated 15 USC §168i (a)(5)(A) by failing to promptly delete or correct the disputed inaccurate items of information from Plaintiffs' credit file or modify the item of information upon a lawful reinvestigation.

111.    As a result of the Defendant's violations of 15 USC §1681i(a)(5)(A), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

112.    The violations by the Defendant of 15 USC §1681i(a)(5)(A) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

113.    Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney fees from the Defendant in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §1681o.

114.    WHEREFORE, Plaintiffs demand judgment for actual, statutory, and punitive damages against Defendant, jointly and severally; for their attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment from the Defendant:

A.    For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA,15 U.S.C. 1681 § n (a)(1)(A), n (2), n(3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B.   For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C.    A Declaration that the Defendant's practices violated the FCRA and,

D.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      New York, New York
            January 24, 2020

Respectfully submitted,

By:_____

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

*Attorney for the Plaintiffs MONICA QUINONES,
MARIA PAZ,  EFRAIN OYOLA ,
CHRISTINE AMERICA, CHRISTIAN ACOSTA,
ALPHA DIALLO, RAVEENGA PERERA, RAFAEL
MARTINEZ, MARIA GENAO-PLASENCIA, JOHN
WASHINGTON, and BRITTNEY D'AGOSTINO*

To:    EQUIFAX, INC.
       1550 Peachtree Street, N.E., Drop 65
       Atlanta, GA 30309
       *(Via Prescribed Service)*

       Clerk,
       United States District Court, Eastern District of New York

          *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                 CASE NO.:

MONICA QUINONES, MARIA PAZ, EFRAIN OYOLA,
CHRISTINE AMERICA, CHRISTIAN ACOSTA,
ALPHA DIALLO, RAVEENGA PERERA, RAFAEL MARTINEZ,
MARIA GENAO-PLASENCIA, JOHN WASHINGTON,
and BRITTNEY D'AGOSTINO
individually and on behalf of others similarly situated,

Plaintiff,

-against-

EQUIFAX,

Defendant(s).

—————————————————

# CLASS ACTION COMPLAINT

—————————————————

Edward B. Geller, Esq., P.C,., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone  (914)473-6783*

—————————————————

## AFFIRMATION

I, Monica Quinones, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Monica Quinones

Sworn to before me this 3rd day of February 2020

Notary Public

STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01FU6315789
MY COMMISSION EXPIRES
HERLA A FUMERO

## AFFIRMATION

I, Maria Paz, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Maria Paz

Sworn to before me this  03  day of February 2020

BIBIANA M. MARTORELL
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG020403
Expires 8/22/2020

Notary Public

## AFFIRMATION

I, Efrain Oyola, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Efrain Oyola

Sworn to before me this 3rd day of February 2020

_____
Notary Public

Kenneth J. Grossberger
Notary Public, State of New York
Cert. No. 01GR6146102
Exp. 12/14/19

3/14/24

## AFFIRMATION

I, Christine America, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_Christine America_

Christine America

Sworn to before me this 14th day of February 2020

_Deborah A. Kershaw_

Notary Public

DEBORAH A. KERSHAW
Notary Public, State of New York
Qualified in Westchester County
No. 01KE6109034
My Commission Expires April 26, 20 20

## AFFIRMATION

I, Christian Acosta, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Christian Acosta

Sworn to before me this 3 day of February 2020

Notary Public

CYLIE LEAL
Notary Public, State of Texas
Comm. Expires 10-15-2022
Notary ID 131780511

<u>AFFIRMATION</u>

I, Alpha Diallo, under the penalty of perjury, depose and say:

I am the *Plaintiff* in the above entitled action. I have read the foregoing *Complaint* and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Alpha Diallo

Sworn to before me this 5 day of February 2020

Notary Public

Kamasia Williams
Notary Public
New Jersey
My Commission Expires 04-12-2023
No.2427966

## AFFIRMATION

I, Raveenga Perera, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action.  I have read the foregoing Complaint and know the contents thereof.  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Raveenga Perera

Sworn to before me this 5ᵗʰ   day of  February 2020

Notary Public

Chrisa Tsoukatos
Notary Public - State of New York
01TS50494340
Qualified in Nassau County
Commission Expires September 18, 2021

JUAN J. / ANNA L. CARRION                    954-443-9610        p.2

## AFFIRMATION

I, Rafael Martinez, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Rafael Martinez

Sworn to before me this 7th day of Feb 2020

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Jeanne E. Briggs, Notary Public
Columbia County
My Commission Expires December 24, 2021
Commission Number 1280970

## AFFIRMATION

I, Maria Genao-Plasencia, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Maria Genao-Plasencia

Sworn to before me this   6   day of February 2020

_____
Notary Public

JANILLE HERNANDEZ
Notary Public - State of New York
No. 01HE6359237
Qualified in Suffolk County
My Commission Expires May 22, 2021



## AFFIRMATION

I, John Washington, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

John Washington

Sworn to before me this 9th day of February 2020

Notary Public



## AFFIRMATION

I, Brittney D'Agostino, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____

Brittney DiAgostino — D'Agostino

Sworn to before me this 8th day of February 2020

_____

Notary Public

